# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| OASIS RESEARCH, LLC | § | |
| | § | |
| v. | § | CASE NO. 4:10-CV-435 |
| | § | Judge Mazzant |
| CARBONITE, INC., et. al. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the following motions: (1) Defendant GoDaddy.com, Inc.'s Motion for Transfer of Venue to the District of Arizona, or in the Alternative, for Dismissal of Claims Against Go Daddy for Lack of Jurisdiction and Improper Venue (Dkt. #104); (2) Defendant Pro Softnet Corporation's Motion to Sever and Transfer Claims Against Pro Softnet to the United States District Court for the Central District of California, or in the Alternative, to Dismiss (Dkt. #106, #107); (3) EMC Corp., Decho Corp., and Iomega Corp.'s Motion to Dismiss for Misjoinder or, in the Alternative, to Sever and Transfer Claims to the United States District Court for the District of Utah (Dkt. #108, #109, #110, #111); (4) Iron Mountain Incorporated and Iron Mountain Information Management Inc.'s Motion to Dismiss for Misjoinder or, in the Alternative, to Sever and Transfer Claims to the United States District Court for the District of Massachusetts (Dkt. #116, #118, #119, #120, #121, #122, #123); (5) Defendant Carbonite Inc.'s Motion to Sever the Claims Against Carbonite for Misjoinder and Transfer Those Claims to the United States District Court for the District of Massachusetts (Dkt. #124, #125); and (6) Defendant GoDaddy.com's Motion to Dismiss for Misjoinder (Dkt. #138). For the reasons stated herein, these motions are **GRANTED IN PART** to the extent that they request severance. Further, the severed actions are **CONSOLIDATED** with this action, and this case shall serve as the lead case for the consolidated cases.

**BACKGROUND**

In its First Amended Complaint, Plaintiff Oasis Research, LLC ("Oasis" or "Plaintiff") accuses twelve defendants of infringing U.S. Patent Nos. 5,771,354 (the "'354 Patent"), 5,901,228 (the "'228 Patent"), 6,411,943 (the "'943 Patent"), and 7,080,051 (the "'051 Patent") (Dkt. #253 at 4). "Specifically, the patents claim methods for allowing home computer users to remotely connect to an online service system for purposes of external data and program storage and additional processing capabilities in exchange for a fee." *In re EMC Corp.*, 677 F.3d 1351, 1353 (Fed. Cir. 2012). Plaintiff asserts that each of the Defendants have infringed the patents-in-suit through each Defendants' "online backup/storage services." Plaintiff accuses a variety of products and online backup/storage services provided by each Defendant, and in some cases website addresses where the services can be located (Dkt. #253).

In each of their motions, Defendants assert that joinder is not proper in this case. Defendants contend that Plaintiff has joined different Defendants with different products. Therefore, Defendants argue that Plaintiff cannot meet the "same transaction, occurrence, or series of transactions or occurrences" joinder requirement of Federal Rule of Civil Procedure 20. Defendants assert that the only common thread between all Defendants is that they are all accused of infringing the same patents. In sum, Defendants argue that the Court should sever each Defendant into a separate action, and transfer each Defendant to a different venue that is more convenient under 28 U.S.C. § 1404(a).[1]

On May 23, 2011, the undersigned entered a Report and Recommendation denying Defendants' motions to dismiss for misjoinder, severance, and transfer (Dkt. #204). After considering the objections of Defendants, United States District Judge Michael H. Schneider adopted the Report and Recommendation of the United States Magistrate Judge (Dkt. #246). On

---

[1] Defendants' motions to transfer will be addressed in separate orders.

February 17, 2012, this case was assigned to the undersigned by consent of the parties for all further proceedings (Dkt. #352).

On September 7, 2011, Defendants EMC Corp., Decho Corp., and Iomega Corp. (collectively, "EMC") petitioned the Federal Circuit for a writ of mandamus vacating the July 25, 2011 order of the District Court adopting the undersigned's recommendations. Defendants Carbonite, Inc. ("Carbonite"), Iron Mountain, Inc. and Iron Mountain Information Management, Inc. (collectively "Iron Mountain"), GoDaddy.com, Inc. ("GoDaddy"), and Pro Softnet Corp. ("Pro Softnet") joined in EMC's petition. On May 4, 2012, the Federal Circuit granted the writ of mandamus in part, finding the following:

> Since the district court here applied an incorrect test, the district court's ruling must be set aside, and the issues of severance and joinder considered under the proper standard. We therefore grant the petition to the limited extent that we vacate the district court's order denying the motions to sever and transfer, and direct the district court to reconsider those motions in light of the correct test.

*In re EMC*, 677 F.3d at 1360.

In response to the Federal Circuit's writ of mandamus, the Court requested the parties submit a joint proposed briefing schedule, which was adopted by the Court on May 21, 2012 (Dkt. #371). The moving Defendants referred the Court to their prior opening briefs in support of reconsideration of their motions to sever and transfer. *Id*. On June 8, 2012, Plaintiff filed its Opposition to Defendants' Motions to Sever and Transfer (Dkt. #378). On June 25, 2012, Defendants filed their replies (Dkt. #383, #384, #386, #387, #388, #389, #390, #391, #392, #393, #394, #395). [2] On July 9, 2012, Plaintiff filed its sur-reply (Dkt. #398). In addition, the Court granted leave to Defendants EMC and Carbonite to file a Response to Plaintiff's Sur-Reply

---

[2] Also on June 25, 2012, EMC filed its Motion to Strike Inadmissible Exhibits in Oasis Research, LLC's Opposition to Defendants' Motion to Sever and Transfer (Dkt. #385). The Court will address this motion in a separate order.

Regarding Defendants' Motions to Sever and Transfer to Address the Recent AT&T Settlement (Dkt. #407).

## LEGAL STANDARDS

*Joinder and Motions to Sever[3]*

"On motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. However, because Rule 21 does not provide any standards to determine if parties are misjoined, "courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citation omitted). Rule 20(a)(2) states:

> Persons...may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2). "Rule 20 clearly contemplates joinder of claims arising from a 'series of transactions or occurrences' – a single transaction is not required." *In re EMC*, 677 F.3d at 1356.

Under the "transaction-or-occurrence" test, the first requirement of Rule 20, the fact that the defendants act independently of each other "does not preclude joinder as long as their actions are part of the 'same transaction, occurrence, or series of transactions or occurrences." *Id*. The existence of a single common question of law or fact is not sufficient to satisfy this requirement.

---

[3] The Federal Circuit noted the unusual circumstances of this case. The Leahy-Smith America Invents Act was signed into law just days after this petition was filed. *In re EMC*, 677 F.3d at 1355. The Act provides that accused infringers may be joined in one action as defendants or have their actions consolidated for trial only if the allegations "aris[e] out of the same transaction occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process." 35 U.S.C. § 299. As noted by the Federal Circuit, this provision is not retroactive. *In re EMC*, 677 F.3d at 1356. Therefore, "the timing of this petition means that our decision will only govern a number of cases that were filed before the passage of the new joinder provision." *Id*. The Federal Circuit further noted that their decision did not determine whether the sameness test in the new legislation is identical to the sameness test applied here for cases not covered by the new legislation. *Id*. at 1360 n.4.

*Id*. at 1357. The Federal Circuit held that the transaction-or-occurrence test requires a "logical relationship" between the claims, similar to the transaction-or-occurrence test under Federal Rule of Civil Procedure 13(a) for compulsory counterclaims. *Id*. at 1357-58 (citations omitted). "The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *Id*. at 1358. Any allegedly infringing acts must share an aggregate of operative facts in order to be properly joined. *Id*.

> [J]oinder is not appropriate where different products or processes are involved. Joinder of independent defendants is only appropriate where the accused products or processes are the same in respects relevant to the patent. But the sameness of the accused products or processes is not sufficient. Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts. To be part of the "same transaction" requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts.

*Id*. at 1359.

The Federal Circuit also included the following pertinent factual considerations for courts to consider when determining whether the joinder test is satisfied:

> [W]hether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology agreements between the defendants, overlap of the products' or processes' development and manufacture, and whether the case involves a claim for lost profits.

*Id*. at 1359-60. The Court enjoys considerable discretion in weighing the relevant factors. *Id*. at 1360.

*Consolidation*

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). Further,

5

"district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *In re EMC*, 677 F.3d at 1360 (quoting *Acevedo*, 600 F.3d at 521); *see also Luera v. M/V Albeta*, 635 F.3d 181, 194 (5th Cir. 2011) ("Rule 42(a) provides district courts with broad authority to consolidate actions that 'involve a common question of law or fact'").

**ANALYSIS**

*Joinder and Motions to Sever*

In its response, Plaintiff has essentially abandoned its arguments in favor of joinder under Rule 20. Instead, Plaintiff asserts that the Court should deny severance in its discretion under Rule 42 (Dkt. #378 at 5). However, the Court will first address whether severance under Rule 20 is proper under the guidance provided by the Federal Circuit in its decision in *In re EMC*. Plaintiff argues that three Defendants, AT&T, EMC, and Carbonite, are properly joined in this action, since they are not independent actors. *Id*. at 7-9. Plaintiff contends that if the Court severs the claims against Defendants, then the case should only be severed into four (4) actions, rather than six (6). *Id*. However, Plaintiff appears to concede that separate actions would be created against Pro Softnet, GoDaddy, and Iron Mountain. *Id*.

In order to be properly joined, Defendants' actions must be part of the same transaction, occurrence, or series of transactions or occurrences. Fed. R. Civ. P. 20. This requires a logical relationship between the claims, meaning there must be "substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *In re EMC*, 677 F.3d at 1358. Any allegedly infringing acts must share an aggregate of operative facts in order to be properly joined. *Id*. Other factual considerations that the Court may consider include (1) whether the alleged acts of infringement occurred during the same time period, (2) the existence of some

relationship among the defendants, (3) the use of identically sourced components, licensing or technology agreements between the defendants, (3) overlap of the products' or processes' development and manufacture, and (4) whether the case involves a claim for lost profits. *Id*. at 1359-60.

Pro Softnet asserts that none of the other Defendants in this case are related to Pro Softnet, and the infringement claims asserted by Plaintiff do not arise out of related activities or concerted actions between Pro Softnet and other Defendants (Dkt. #106 at 2). Further, Pro Softnet contends that the products and methods accused of infringement were developed independently of the other Defendants. *Id*. Defendants in this case are competitors of each other, and their products and methods are substantially different from one another. *Id*. Plaintiff does not refute these factual assertions (*See* Dkt. #378).

Defendant GoDaddy asserts that it is not related to or affiliated with any of the other Defendants, and contends that the Defendants in this case are competitors of each other (Dkt. #138 at 2). GoDaddy argues that its accused product, the "Online File Folder" was developed independently by GoDaddy employees. *Id*. This product was developed independent of any other Defendant's software of allegedly infringing products. *Id*. at 3. GoDaddy asserts that the configuration and operation of the system is unique to GoDaddy, and the information regarding the structure, function and operation of the system is confidential and a trade secret. *Id*. Plaintiff does not refute these factual assertions (*See* Dkt. #378).

Defendant Iron Mountain contends that Plaintiff asserts four (4) patents against the Iron Mountain entities based on the accused product, "Connected" (Dkt. #116 at 3). Iron Mountain alleges that each of the other Defendants' products are different products, and Plaintiff does not

seek joint, several, or alternative relief as to the Defendants. *Id*. Plaintiff does not refute these factual assertions (*See* Dkt. #378).

Plaintiff fails to argue that Defendants Pro Softnet, GoDaddy, or Iron Mountain should be joined in the same action. Plaintiff provides no factual assertions or evidence that indicates a substantial evidentiary overlap in the facts giving rise to the cause of action against these Defendants. The Court finds no shared aggregate of operative facts, and consequently, no logical relationship between these Defendants. Therefore, the Court finds that these Defendants, Pro Softnet, GoDaddy, and the Iron Mountain entities, should be severed.

The EMC entities argue that Plaintiff fails to plead any connection between them and any other Defendants. EMC contends that the other Defendants have nothing to do with those products associated with EMC, and EMC has nothing to do with the other Defendants' products (Dkt. #108 at 3). Further, EMC notes that Plaintiff does not even allege on information and belief that the infringing conduct of the EMC entities is in concert with the other Defendants. *Id*.

Defendant Carbonite asserts that none of the Defendants in this case are related to Carbonite (Dkt. #124 at 3). Further, Carbonite contends that its products and services were developed independently, the other Defendants in this lawsuit are its competitors, and Carbonite's methods and products are different from the other accused methods and products. *Id*.

Plaintiff argues that EMC, AT&T, and Carbonite are properly joined in one suit because they are not independent actors. Specifically, Plaintiff contends that "EMC and AT&T agreed to jointly develop and market the accused backup/storage services" (Dkt. #378 at 7). Plaintiff attaches several documents indicating that AT&T and EMC worked together to jointly develop

and market the AT&T Synaptic Storage as a service platform.[4] *Id*. In addition, Plaintiff asserts that AT&T's third accused product, Tech Support 360 Backup and Go, is based on Carbonite backup technology provided to AT&T through PlumChoice, a Carbonite reseller. *Id*. Plaintiff contends that Carbonite has already conceded that it may be subject to indemnification based on Plaintiff's allegations against AT&T. *Id*. at 7-8.

However, the AT&T Defendants have since been dismissed from this litigation (Dkt. #418, #421). Plaintiff contends that the dismissal of AT&T does not change the fact that AT&T, Carbonite, and EMC were all properly joined in this litigation (Dkt. #398 at 3). Defendants argue, and the Court agrees, that because there are no remaining claims against AT&T in this litigation, there can be no aggregate of operative facts shared between Defendants EMC and Carbonite (Dkt. #407 at 1). Further, Plaintiff does not assert any facts that would indicate EMC and Carbonite use similarly sourced products, worked in concert, or had any relationship at all.[5] Therefore, the Court finds that Defendants Carbonite and EMC should also be severed from the present litigation.

In conclusion, the Court finds that the creation of five (5) separate lawsuits is appropriate in this case based on the lack of a logical relationship between the claims against each Defendant. According to the motions before the Court, each Defendant's accused product is different, Defendants are competitors of each other, Defendants worked independently to create their accused products, and there is no aggregate of operative facts that would indicate joinder is

---

[4] Defendants EMC, Decho Corporation, and Iomega Corporation filed a motion to strike (Dkt. #385) these documents attached to Plaintiff's response. The Court did not consider these documents in its analysis of the motions to sever and transfer; however, the Court will address Defendants' objection in a separate order overruling these objections.

[5] Defendants EMC and Carbonite object to the admissibility of the settlement agreement between Plaintiff and AT&T based on Federal Rules of Evidence 408, 803, and 901. The Court did not rely on the settlement agreement as evidence in its consideration of the motion to sever. However, Rule 408 provides that any conduct or a statement made during compromise negotiations about the claim is inadmissible on behalf of either party either to prove or disprove the validity or amount of a disputed claim. Therefore, the Court sustains Defendants' objection to the evidence, and finds the settlement agreement inadmissible under Rule 408.

appropriate in this case. Under Rule 20, the unrelated Defendants in this case were improperly joined and should be severed into their own cases. Accordingly, the Court ORDERS that claims against the Defendants be severed into separate causes of action as detailed below.

*Consolidation*

This Court has considerable discretion to consolidate cases in the interest of ensuring judicial economy or safeguarding principles of fundamental fairness. *In re EMC*, 677 F.3d at 1360. The Court has already found that venue is proper as to the parties in this case, and that there is at least one common question of law or fact (*See* Dkt. #204).

Plaintiff urges this Court to exercise its discretion and consolidate these cases for discovery and trial (Dkt. #378 at 5-6). Defendants argue that consolidation would result in unfair prejudice against Defendants. For example, Pro Softnet argues that there is a high probability of jury confusion and prejudice if Defendants are forced to try their cases together (Dkt. #383 at 5). Pro Softnet has not been accused of willful infringement and the issues as to Pro Softnet may differ for trial. *Id*. Defendants argue that fairness is the most significant consideration, and the fact that this case has been consolidated thus far for pretrial purposes has served the purposes of judicial economy (Dkt. #384 at 5; #386 at 1-2). Plaintiff asserts that judicial economy will continue to be served by coordinated efforts not only during the *Markman* hearing and fact discovery period, but also during summary judgment proceedings and other pretrial motion practice (Dkt. #398 at 1).

This Court has limited resources and constantly strives to employ efficient and cost-saving case-management procedures for the benefit of the parties, counsel, and the Court. As a result of the Leahy-Smith America Invents Act, plaintiffs now file multiple single-defendant (or defendant group) cases involving the same patents. This presents administrative challenges for

the court and, left unchecked, wastes judicial resources by requiring common issues to be addressed individually for each case. *See Norman IP Holdings, LLC v. Lexmark International, Inc., et. al.*, No: 6:11-CV-495 (E.D. Tex. August 10, 2012) (Davis, C.J.). Federal Rule of Civil Procedure 42 allows for the courts to better conserve judicial resources via consolidation for certain common issues such as pretrial, *Markman*, or trial. The Federal Circuit reiterated that this is an available tool when venue is proper and there is a common issue of law or fact. *In re EMC*, 677 F.3d at 1360.

Thus, to permit efficient case management, the Court ORDERS these newly severed actions consolidated with the original filed case as to all issues, except venue, through pretrial only. Additionally, the Court ORDERS the parties to file briefs discussing the effect of consolidating these cases for trial, specifically addressing whether Defendants should be consolidated for trial on issues of invalidity and severed for issues of infringement and damages. Accordingly, Plaintiff shall file its brief within seven (7) days of this order, and Defendants shall file their responsive brief seven (7) days after Plaintiff's brief is filed.

*Motions to Transfer*

Motions to transfer venue under 28 U.S.C. § 1404(a) will be considered only as to the Defendant(s) in the severed case, not as to all Defendants in the pretrial consolidated case. Each Defendant or Defendant group has filed a separate motion to sever and transfer, which set out the facts regarding the transfer factor analysis as applied to that Defendant. Each of these motions will be considered separately as to the Defendant or Defendant group in that particular case.

**CONCLUSION**

For these reasons, the Court **ORDERS** that the claims pertaining to the following Defendants or Defendant groups be severed into separate causes of action:

1. Pro Softnet,

2. Carbonite,

3. GoDaddy,

4. the Iron Mountain entities consisting of Iron Mountain, Inc. and Iron Mountain Information Management, Inc., and

5. the EMC entities consisting of EMC Corp., Decho Corp., and Iomega Corp.

Plaintiff shall pay the filing fee for these cases within ten (10) days of this order issuing to avoid having the severed cause of action dismissed with prejudice. Further, the Court **ORDERS** that the above-severed cases are **CONSOLIDATED** for all pretrial issues (except venue) with the original filed action, Cause No. 4:10-CV-435, which is the lead case. All parties are instructed to file any future motions in the lead case. Accordingly, Defendants' motions are **GRANTED IN PART** to the extent that their causes of action are severed from the original filed action.

Additionally, the Court **ORDERS** the parties to file briefs discussing the effect of consolidating these cases for trial, specifically addressing whether Defendants should be consolidated for trial on the issue of invalidity and severed for issues of infringement and damages. Accordingly, Plaintiff shall file its brief within seven (7) days of this order, and Defendants shall file their responsive brief seven (7) days after Plaintiff's brief is filed.

The following motions contain additional requests for relief and shall remain pending: (1) Defendant GoDaddy.com, Inc.'s Motion for Transfer of Venue to the District of Arizona, or in the Alternative, for Dismissal of Claims Against Go Daddy for Lack of Jurisdiction and Improper Venue (Dkt. #104); (2) Defendant Pro Softnet Corporation's Motion to Sever and Transfer Claims Against Pro Softnet to the United States District Court for the Central District of California, or in the Alternative, to Dismiss (Dkt. #106); (3) EMC Corp., Decho Corp., and

Iomega Corp.'s Motion to Dismiss for Misjoinder or, in the Alternative, to Sever and Transfer Claims to the United States District Court for the District of Utah (Dkt. #108); (4) Iron Mountain Incorporated and Iron Mountain Information Management Inc.'s Motion to Dismiss for Misjoinder or, in the Alternative, to Sever and Transfer Claims to the United States District Court for the District of Massachusetts (Dkt. #116); and (5) Defendant Carbonite Inc.'s Motion to Sever the Claims Against Carbonite for Misjoinder and Transfer Those Claims to the United States District Court for the District of Massachusetts (Dkt. #124).

**IT IS SO ORDERED.**
**SIGNED this 15th day of August, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE