# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | |
|---|---|
| OASIS RESEARCH, LLC § | |
| § | |
| v. § | Cause No. 4:12-CV-529 |
| § | Judge Mazzant |
| IRON MOUNTAIN, INC. and IRON § | |
| MOUNTAIN INFORMATION § | |
| MANAGEMENT, INC. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Iron Mountain Incorporated and Iron Mountain Information Management Inc.'s Motion to Dismiss for Misjoinder or, In the Alternative, to Sever and Transfer Claims to the United States District Court for the District of Massachusetts (Dkt #116).[1] Having considered the relevant pleadings, the Court is of the opinion that Defendants' motion should be denied.

## BACKGROUND

Plaintiff Oasis Research, LLC ("Plaintiff") is a Delaware limited liability company with its previous principal place of business in Marshall, Texas (Dkt. #253 at 2). Plaintiff's current mailing address is in Fort Worth, Texas. *Id*. Defendants Iron Mountain Incorporated and Iron Mountain Information Management, Inc. (collectively the "Iron Mountain entities" or "Iron Mountain") are incorporated in Delaware and have their principal place of business in Boston, Massachusetts. *Id*. at 3.

Plaintiff asserts that the Iron Mountain entities infringe U.S. Patent Nos. 5,771,354 (the "'354 Patent"), 5,901,228 (the "'228 Patent"), 6,411,943 (the "'943 Patent"), and 7,080,051 (the

---

[1] The Court has addressed Defendants' motion to sever in a separate memorandum opinion and order (Dkt. #435) issued on August 15, 2012, and will only consider Defendants' motion to transfer in this memorandum opinion and order.

1

"'051 Patent"), through their online backup/storage services offered by their accused product "Connected" (Dkt. #116 at 3).

On May 23, 2011, the undersigned entered a Report and Recommendation denying Defendants' motion to sever and transfer (Dkt. #116; Dkt. #204)). After considering the objections, United States District Judge Michael H. Schneider adopted the Report and Recommendation of the United States Magistrate Judge (Dkt. #246). On February 17, 2012, this case was assigned to the undersigned by consent of the parties for all further proceedings (Dkt. #352).

On September 7, 2011, Defendants EMC Corp., Decho Corp., and Iomega Corp. (collectively, "EMC") petitioned the Federal Circuit for a writ of mandamus vacating the July 25, 2011 order of the District Court adopting the undersigned's recommendations. Defendants Carbonite, Inc. ("Carbonite"), the Iron Mountain entities, Go Daddy.com, Inc. ("Go Daddy"), and Pro Softnet, Inc. ("Pro Softnet") joined in EMC's petition. On May 4, 2012, the Federal Circuit granted the writ of mandamus in part, vacating the district court's order denying the motions to sever and transfer, and directing the district court to reconsider those motions in light of the correct test. *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012).

In response to the Federal Circuit's writ of mandamus, the Court requested the parties submit a joint proposed briefing schedule, which was adopted by the Court on May 21, 2012 (Dkt. #371). Defendants referred the Court to their original Motion to Dismiss for Misjoinder or, In the Alternative, to Sever and Transfer Claims to the United States District Court for the District of Massachusetts (Dkt #116). On June 8, 2012, Plaintiff filed its Opposition to Defendants' Motions to Sever and Transfer (Dkt. #378). On June 25, 2012, Defendants filed their reply (Dkt. #386). On July 9, 2012, Plaintiff filed its sur-reply (Dkt. #398).

## LEGAL STANDARD

A district court may transfer any civil case "for the convenience of parties and witnesses, in the interest of justice...to another other district or division where it might have been brought." 28 U.S.C. § 1404(a). The threshold inquiry when determining eligibility for transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("Volkswagen I").

Once that threshold inquiry is met, the Court balances the private interests of the litigants and the public's interest in the fair and efficient administration of justice. *In re Nintendo Co., Ltd.,* 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("Volkswagen II"); *In re Nintendo*, 589 F.3d at 1198. The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id*. These factors are not exhaustive or exclusive, and no single factor is dispositive. *Id*.

The party seeking transfer of venue must show good cause for the transfer. *Volkswagen II*, 545 F.3d at 315. The moving party must show that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315; *TS Tech,* 551 F.3d at

3

1319. The plaintiff's choice of venue is not a factor in this analysis, but rather contributes to the defendant's burden to show good cause for the transfer. *Volkswagen II*, 545 F.3d at 315 n.10; *TS Tech*, 551 F.3d at 1320; *In re Nintendo*, 589 F.3d at 1200.

## ANALYSIS

Defendants request to be transferred to the District of Massachusetts. The first question the Court must address when ruling on a motion to transfer venue under 28 U.S.C. § 1404(a) is whether the suit could have been filed originally in the destination venue. *Volkswagen II*, 545 F.3d at 312. Under 28 U.S.C. § 1400(b), venue in a patent infringement action is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The judicial district where a defendant resides includes the state where the defendant is incorporated. *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). Defendants have established their principal place of business in Boston, Massachusetts, and the accused acts of infringement occurred there. Plaintiff does not dispute these facts. Therefore, the Court finds that this suit could have been filed in the District of Massachusetts.

**A. Private Interest Factors**

*(1) The Relative Ease of Access to Sources of Proof*

"Courts analyze this factor in light of the distance that documents, or other evidence must be transported from their existing location to the trial venue." *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-CV-390, 2010 WL 3855520, at *2 (E.D. Tex. Sept. 30, 2010) (citing *Volkswagen II*, 545 F.3d at 316). This factor will rely on which party has a greater volume of documents relevant to the litigation, and their presumed location in relation to the transferee and transferor venues. *Id*. (citations omitted). Documents that have been moved in

anticipation of litigation should not be considered. *In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1336-37 (Fed. Cir. 2009).

The Iron Mountain entities argue that the vast majority of documents relevant to the Connected product are located in Massachusetts, which includes documents related to sales, marketing, design, development, engineering (including source code), and financial data (Dkt. #116 at 13).

Plaintiff contends that documents from Christopher Crawford, the named inventor on the patents-in-suit are located in Texas with Crawford's counsel; however, the Court will not consider the location of these documents in its analysis. *See In re Hoffman-La Roche,* 587 F.3d at 1336-37 (stating documents that have been moved in anticipation of litigation should not be considered). Plaintiff also asserts that Iron Mountain sold the accused assets to Autonomy Corporation, which is headquartered in San Francisco, California (Dkt. #378 at 12). Plaintiff contends the sources of evidence appear to be located in northern California. *Id*. Plaintiff argues that it requested that Iron Mountain's source code computer be made available during deposition conducted in Massachusetts, which counsel for Iron Mountain refused to "bring the source code computer across the country" from its location in northern California. *Id*. at 13.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (internal quotations omitted). Based on the information before the Court, it appears that Defendant's documents are located in Massachusetts and California. Defendant fails to address Plaintiff's argument that the accused assets were sold to Autonomy Corporation, which is headquartered in San Francisco, California. While transfer to Massachusetts would make access

to those documents located in Massachusetts more convenient, there are other sources of proof for Defendants located in California that would not be more convenient in either location. Therefore, the Court finds this factor weighs only slightly in favor of transfer.

      *(2) The Availability of Compulsory Process*

Federal Rule of Civil Procedure 45(b)(2) allows a federal court to compel a witness' attendance at a trial or hearing by subpoena; however, the Court's subpoena power is limited by Federal Rule of Civil Procedure 45(c)(3), to those witnesses who work or reside less than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316.

The Iron Mountain entities contend that its relevant witnesses are located primarily in Massachusetts (Dkt. #116 at 10). Iron Mountain asserts that the following are witnesses located in Massachusetts: (1) Jackie Su, Senior Product Marketing Manager for Iron Mountain Information Management; (2) Carole Donaldson, Product Marketing Specialist; (3) Peter Lorenco, Demand Generation Manager; (4) Scott Caswell, Director of Sales Operations for Iron Mountain Information Management; (5) multiple sales witnesses; (6) Robert Mulcahy, Director of Software Engineering for Iron Mountain Information Management; (7) Ron Arbo; (8) Anagha Rangarajan; (9) Jeff West; (10) Mike Boucher; (11) Gurami Palagashvilli; (12) Matt Kingman; (13) Teresa Rosa; (14) Dave Krendel, Finance Manager for Iron Mountain Information Management; (15) Sara Butler; (16) Sophia Vernovsky. *Id*. at 10-11. These witnesses are all party witnesses, and Defendants also indicate that a few live in other locations such as California and Texas. Further, four non-party witnesses with relevant technical and financial information reside in Massachusetts. *Id*. at 12.

Plaintiff acknowledges that three third party witnesses, former Iron Mountain employees, reside in Massachusetts (Dkt. #378 at 14). Further, Plaintiff argues that there are two (2) third-

party witnesses located within the subpoena power of the Eastern District of Texas. *Id*. Finally, Plaintiff contends that there are multiple third-party witnesses that have been subpoenaed for both documents and testimony located at a variety of locations across the United States. *Id*. It is unclear which of these witnesses will be required to appear for trial; however, the Court notes that these witnesses are alleged to reside in many states in the United States.

Based on this information, the Court determines that this factor weighs in favor of transfer to the District of Massachusetts.

*(3) Cost of Attendance for Willing Witnesses*

The Fifth Circuit established the "100-mile" rule to determine the convenience of the transferee district to the witnesses and parties. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. Where witnesses are from widely scattered locations, a trial court should not consider its "central location... in the absence of witnesses within the plaintiff's choice of venue." *Genentech*, 566 F.3d at 1344.

Iron Mountain argues that the District of Massachusetts is clearly more convenient for the witnesses, based on the distance that the they must travel to attend trial in Texas. Further, Iron Mountain argues that a majority of its witnesses reside in Massachusetts (Dkt. #386 at 3).

Plaintiff argues that its primary decision-maker, Gordon Jumonville resides in Texas, and that this district is more convenient that the proposed transfer district (Dkt. #378 at 14). In addition, Plaintiff contends that the inventor, Mr. Crawford, has agreed that this district is convenient for him. *Id*.

Based on the evidence before the Court, there are many willing witnesses in Massachusetts, one in Texas, one in Colorado, and one in Virginia. Therefore, the Court finds that this factor is in favor of transfer, based on the amount of witnesses located in Massachusetts.

*(4) All Other Practical Problems*

Plaintiff argues that other practical problems include those based on judicial economy, particularly the existence of duplicative suits and transfer to another district when this Court has already expended significant resources in hiring a technical advisor, conducting a *Markman* hearing, and reviewing the parties' summary judgment motions. Plaintiff notes that it does not make sense to transfer at this stage of the litigation, especially given the consideration that the parties and the Court have already expended significant resources negotiating issues of scheduling, discovery, and protective orders (Dkt. #398 at 4). Transfer at this stage of the proceedings would duplicate these efforts. In addition, there are several witnesses involved in the litigation who will testify to issues common to all Defendants. *Id*. at 4. Transfer would require these parties to travel across the nation several times to testify in these proceedings. Therefore, the Court agrees that the conservation of resources and avoiding duplicative suits in the interest of judicial economy weighs heavily against transfer.

**B. Public Interest Factors**

*(1) The Administrative Difficulties Flowing From Court Congestion*

The first public interest factor is court congestion. Defendants do not address this factor (Dkt. #116; Dkt. #386). Plaintiff argues that this factor does not weigh strongly for or against transfer (Dkt. #378 at 15). Based on the arguments of the parties, the Court finds this factor is neutral.

*(2) The Local Interest in Having Localized Interests Decided at Home*

Traditionally, the location of the alleged injury is an important consideration in determining how to weigh this factor. *TS Tech*, 551 F.3d at 1321. However, in a patent infringement case, when the accused products are sold nationwide, the alleged injury does not create a substantial local interest in any particular district. *Id*. Local interest may also be determined when a district is home to a party because the suit may call into question the reputation of individuals that work and conduct business in the community. *Hoffman-La Roche,* 587 F.3d at 1336.

Iron Mountain argues that it is clear that the District of Massachusetts has a distinct interest in having these issues determined locally (Dkt. #116 at 15). The Court agrees. The Eastern District of Texas is connected to this litigation only in that Defendants' services and products are available nationwide, and thus are available in this district. Where all the relevant events occurred in the transferee district, and the only connection to the original district was that products of the same type were sold there, the transferee district's localized interest in seeing the case decided there significantly favors transfer. *Volkswagen II*, 545 F.3d at 317. Further, because the sale of infringing products in the forum "could apply virtually to any judicial district or division in the United States," to rely on that as a basis to find that the district had a localized interest in the controversy "stretches logic." *TS Tech*, 551 F.3d at 1321. Therefore, this factor weighs in favor of transfer.

*(3) The Familiarity of the Forum with the Law that Will Govern the Case and (4) The Avoidance of Unnecessary Problems of Conflict of Laws*

The parties agree that these two factors are neutral or inapplicable as to transfer (Dkt. #116 at 15; Dkt. #378 at 15). The Court agrees and finds these factors to be neutral.

**C. Conclusion**

The Court finds that three (3) of the private and public interest factors are neutral, three (3) factors weigh in favor of transfer, one (1) factor weighs slightly in favor of transfer, and one (1) factor weighs against transfer.

Plaintiff argues, and the Court agrees, that the factor of judicial economy weighs heavily against transfer in this case. If this Court were to transfer this litigation to Massachusetts, another court would have to spend significant resources to familiarize itself with the patents, prosecution history, claim construction, and other issues in this case. Further, this Court has already set an upcoming trial date for March of 2013 for this case, and its related cases. To transfer this litigation at this stage of the proceedings might cause improper delay and unfair prejudice to Plaintiff.

The Court may deny motions to transfer based on judicial economy alone. *See In re Vistaprint Ltd.*, 628 F.3d 1342, 1345-47 (Fed. Cir. 2010) (holding that district court may properly deny § 1404(a) transfer based on judicial economy even "when all of the convenience factors clearly favor transfer."); *In re Google,* 412 F. App'x 295, 296 (Fed. Cir. 2011) ("Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice and having one trial court decide all of these claims clearly furthers that objective."); *Centre One v. Vonage Holdings, Corp.*, No. 6:08-CV-467, 2009 WL 2461003, at *7 (E.D. Tex. Aug. 10, 2009) (Davis, C.J.) (holding that the defendant's "convenience alone fails to outweigh the glaring inefficiency of prosecuting two, nearly identical, complex patent infringement cases in different fora."); *Adrain v. Genetec Inc.*, No. 2:08-CV-423, 2009 WL 3063414, at *3 ("[T]he division of the case into multiple suits may be more convenient for [the defendant], but it would impose a significant burden on the plaintiff,

witnesses, and the federal court system.  In addition to the burden on the courts, the existence of multiple lawsuits interpreting the same patent creates an unnecessary risk of inconsistent claim construction and adjudication.").  In this case, the burden that would be imposed on the federal court system by the transfer of this case, as well as the efficient administration of court proceedings and conserving judicial resources weighs heavily against transfer.

## CONCLUSION

Based on the foregoing, the Court finds Defendants Iron Mountain Incorporated and Iron Mountain Information Management Inc.'s Motion to Dismiss for Misjoinder or, In the Alternative, to Sever and Transfer Claims to the United States District Court for the District of Massachusetts (Dkt #116) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 21st day of August, 2012.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE